**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ZACHARY KLOTZ, | : | CIVIL ACTION |
| Plaintiff, | : | No. 26-7673 |
| v. | : | TRIAL BY JURY DEMANDED |
| OFFICER ANDREW WIEDER, | : | |
| OFFICER JOHN KRCHNAVY, and | : | |
| OFFICER CONTE (Badge #1219), | : | |
| Defendants. | : | |

## COMPLAINT

Plaintiff Zachary Klotz, by and through his undersigned counsel, brings this civil rights action against Defendants Officer Andrew Wieder, Officer John Krchnavy, and Officer Conte, and in support thereof avers as follows:

### PRELIMINARY STATEMENT

1. On the night of October 13, 2025, three Lower Saucon Township police officers tackled Plaintiff Zachary Klotz to the ground and dislocated his left shoulder. Plaintiff had come to the scene of a family member's arrest to find out what was happening. He was not a suspect, he was unarmed, and he threatened no one. His only offense was arguing with the officers.

2. The officers did not arrest Plaintiff, charge him, or cite him. Plaintiff brings this action under 42 U.S.C. § 1983 for excessive force and unlawful seizure in violation of the Fourth Amendment.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to Plaintiff's claims occurred in Northampton County, Pennsylvania.

**PARTIES**

5. Plaintiff Zachary Klotz is an adult individual residing in Lehigh County, Pennsylvania.

6. Defendants Officer Andrew Wieder, Officer John Krchnavy, and Officer Conte (the "Defendant Officers") are, and were at all relevant times, police officers employed by the Lower Saucon Township Police Department, located at 3700 Old Philadelphia Pike, Bethlehem, PA 18015. The Defendant Officers are sued in their individual capacities. The Defendant Officers acted under color of state law at all relevant times.

**FACTS**

7. On the night of October 13, 2025, Plaintiff received a phone call telling him that police had been called to a residence at or near 2217 Riverside Drive, in the Steel City section of Lower Saucon Township, Northampton County, Pennsylvania, on a complaint involving his brother and sister-in-law.

8. Plaintiff drove to the residence. The officers there knew that he was on his way.

9. When Plaintiff arrived, his sister-in-law was sitting in the back of a police car. Plaintiff had understood that it was his brother, not his sister-in-law, who was in trouble, and he got out of his car and asked the officers why she was being held.

10. Plaintiff was unarmed and had nothing in his hands. He was not suspected of any crime and was not the subject of any warrant or investigation.

11. Two of the Defendant Officers were present when Plaintiff arrived. Both responded to Plaintiff's question at the same time, talking over each other.

12. The exchange became heated, with raised voices on both sides. Frustrated that one officer kept interrupting the other, Plaintiff told that officer to shut up, using profanity.

13. During the exchange, Plaintiff apologized to the officers for getting worked up and told them that he is autistic.

14. Plaintiff never threatened any officer, raised a hand toward any officer, or touched any officer. He did not try to reach his sister-in-law, and he did not try to flee.

15. The third Defendant Officer then arrived.

16. Without warning, all three Defendant Officers grabbed Plaintiff and tackled him to the ground.

17. As the officers took Plaintiff down, a person at the residence shouted at them that Plaintiff had not done anything.

18. The force of the takedown dislocated Plaintiff's left shoulder.

19. Plaintiff got back to his feet with the Defendant Officers still holding on to him. He told them that his arm hurt.

20. Each Defendant Officer participated in the takedown. To the extent any Defendant Officer did not, he was present, saw the force being used on Plaintiff, and had a realistic opportunity to stop it, but did not.

21. The Defendant Officers then released Plaintiff. They did not arrest him, charge him, or cite him. Plaintiff learned the officers' names only by asking each of them for a business card.

22. Plaintiff was not charged with any offense arising from these events.

23. The officers' decision to let Plaintiff go reflects what they knew at the time: Plaintiff had committed no crime, and there was neither probable cause nor reasonable suspicion to seize him.

24. Plaintiff drove directly from the residence to the emergency department at Lehigh Valley Hospital–Muhlenberg. X-rays confirmed an anterior dislocation of his left shoulder. Emergency physicians administered intravenous narcotic pain medication, performed a closed reduction to force the joint back into place, and discharged Plaintiff in a sling.

25. On October 17, 2025, an orthopedic provider found decreased sensation over Plaintiff's left shoulder, kept him in the sling, instructed him to avoid movements that could dislocate the shoulder again, and took him out of work.

26. Plaintiff was then referred for physical therapy. On December 1, 2025, he still had pain with certain movements and was instructed to continue home exercises and to keep avoiding positions that risk another dislocation.

27. At the time of the incident, Plaintiff worked in landscaping, which required the use of both arms. After his injury, he was unable to work for a couple of months.

28. Plaintiff continues to experience some pain and discomfort in his left shoulder.

29. The incident has also caused Plaintiff lasting emotional distress, including fear and distrust of police, and aggravated his pre-existing anxiety and depression.

30. As a direct and proximate result of the Defendant Officers' conduct, Plaintiff has suffered physical injury, pain and suffering, emotional distress, humiliation, lost wages, medical expenses, and loss of life's pleasures.

**COUNT I**
**42 U.S.C. § 1983: Excessive Force in Violation of the Fourth Amendment**
**Plaintiff v. All Defendants**

31. Plaintiff incorporates the foregoing paragraphs as though fully set forth here.

32. The Defendant Officers seized Plaintiff when they grabbed him and tackled him to the ground.

33. The force they used was objectively unreasonable. Plaintiff was not suspected of any crime. He was unarmed, posed no threat to anyone, and was neither resisting nor fleeing. Three officers tackled one man because he argued with them.

34. Each Defendant Officer personally used force against Plaintiff or, in the alternative, failed to intervene despite a realistic and reasonable opportunity to do so.

35. The Defendant Officers acted willfully, wantonly, and with reckless indifference to Plaintiff's federally protected rights, entitling Plaintiff to punitive damages.

36. As a direct and proximate result of the Defendant Officers' excessive force, Plaintiff suffered the injuries and damages described above.

**COUNT II**
**42 U.S.C. § 1983: Unlawful Seizure in Violation of the Fourth Amendment**
**Plaintiff v. All Defendants**

37. Plaintiff incorporates the foregoing paragraphs as though fully set forth here.

38. The Defendant Officers seized Plaintiff when they tackled him and held him, restraining his freedom of movement.

39. The seizure was made without a warrant, without probable cause, and without reasonable suspicion that Plaintiff had committed, was committing, or was about to commit any offense. Arguing with police officers, even with raised voices and profanity, is not a crime and gave the Defendant Officers no lawful basis to seize Plaintiff.

40. Each Defendant Officer personally participated in the seizure or, in the alternative, failed to intervene despite a realistic and reasonable opportunity to do so.

41. The Defendant Officers acted willfully, wantonly, and with reckless indifference to Plaintiff's federally protected rights, entitling Plaintiff to punitive damages.

42. As a direct and proximate result of the unlawful seizure, Plaintiff suffered the injuries and damages described above.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Zachary Klotz respectfully requests that this Court enter judgment in his favor and against Defendants Wieder, Krchnavy, and Conte, jointly and severally, and award a sum in excess of $250,000 in compensatory damages, punitive damages, reasonable attorney's fees and costs under 42 U.S.C. § 1988, pre-judgment and post-judgment interest, and such other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: October 6, 2026

Respectfully submitted,

/s/ Laura Zipin
Laura Zipin, Esquire
ID No. 324914
/s/ Brian J. Zeiger
Brian J. Zeiger, Esquire
ID No. 87063
Levin & Zeiger, LLP
1500 JFK Blvd, Suite 620
Philadelphia, PA 19102
(215) 825-5183